IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, | ) ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing,

1

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7. Defendant, JAIME BARRERA (hereinafter "JAIME BARRERA"), is an individual who transacts business in the State of Texas and within this judicial district.

8. Defendant, JAIME BARRERA, may be properly served with process via service, to wit:   8405 Winkler Drive, Houston, TX  77017.

9. Defendant, PAULA M. BARRERA (hereinafter "PAULA M. BARRERA"), is an individual who transacts business in the State of Texas and within this judicial district.

10. Defendant, PAULA M. BARRERA, may be properly served with process via service, to wit:   8405 Winkler Drive, Houston, TX  77017

11. Defendant, TCQ CORPORATION (hereinafter "TCQ CORPORATION"), is a Texas corporation that transacts business in the State of Texas and within this judicial district.

12. Defendant, TCQ CORPORATION, may be properly served with process via its registered agent for service, to wit:   Robert J. McKnight, Registered Agent, 4006 Crystal Lake Circle N, Pearland, TX  77584.

## FACTUAL ALLEGATIONS

13. On or about December 22, 2019, Plaintiff was a customer at "Las Mamalonas Burgers" a business located at 8405 Winkler Drive, Houston, TX 77017, referenced herein as "Las Mamalonas".

14. Las Mamalonas is operated by Defendants, JAIME AND PAULA M. BARRERA and is located on the Property.

15. Defendant, TCQ CORPORATION, is the owner of the real property and improvements that Las Mamalonas is situated upon and that is the subject of this action, referenced herein as the "Property."

16. Plaintiff lives 13 miles from Las Mamalonas and the Property.

17. Plaintiff's access to the business(es) located at 8405 Winkler Drive, Houston, TX 77017, Harris County Property Appraiser's account number 0591810140016 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, are compelled to remove the physical barriers to access and correct the ADA violations that exist at Las Mamalonas and the Property, including those set forth in this Complaint.

18. Plaintiff has visited Las Mamalonas and the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting Las Mamalonas and the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and Las Mamalonas and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when Las Mamalonas and the Property is made

accessible and to maintain standing for this lawsuit for Advocacy Purposes.

19. Plaintiff intends on revisiting Las Mamalonas and the Property to purchase goods and/or services as a regular customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

20. Plaintiff travelled to Las Mamalonas and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Las Mamalonas and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Las Mamalonas and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

22. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of

4

    discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

  * * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

25. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26. Las Mamalonas is a public accommodations and service establishment.

27. The Property is a public accommodation and service establishment.

5

28. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

29. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

30. Las Mamalonas must be, but is not, in compliance with the ADA and ADAAG.

31. The Property must be, but is not, in compliance with the ADA and ADAAG.

32. Plaintiff has attempted to, and has to the extent possible, accessed Las Mamalonas and the Property in his capacity as a customer of Las Mamalonas and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Las Mamalonas and the Property that preclude and/or limit his access to Las Mamalonas and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33. Plaintiff intends to visit Las Mamalonas and the Property again in the very near future (within six months after the barriers to access have been removed) as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Las Mamalonas and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Las Mamalonas and the Property that preclude and/or limit his access to Las Mamalonas and the Property and/or the goods,

services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34. Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Las Mamalonas and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35. Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, are compelled to remove all physical barriers that exist at Las Mamalonas and the Property, including those specifically set forth herein, and make Las Mamalonas and the Property accessible to and usable by Plaintiff and other persons with disabilities.

36. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Las Mamalonas and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Las Mamalonas and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i) One accessible parking space, located on the south side of the building on the Property, does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ii) Accessible parking space located on the south side of the building on the Property has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) The accessible route leading from accessible parking space located on the south side of the building to the closest accessible ramp has vertical rises and broken surfaces exceeding ¼ inch in violation of section 303.2 of the 2010 ADAAG Standards.

(iv) On the south side of the Property, adjacent to the accessible parking space, the Property has an accessible ramp with a surface slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(v) On the south side of the Property, adjacent to the accessible parking space, the ground surfaces of the accessible ramp have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vi) Nearly all units on the Property have a doorway threshold with a vertical rise in excess of 1/2" and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vii) The accessible parking space on the north side of the building on the Property has a slope in excess of 1:48 in violation of Section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii) The accessible parking space on the north side of the building on the Property does not have a properly marked access aisle in violation of Section 502.3.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the accessible entrances of the Property.

(ix) The Property lacks a van accessible disabled parking space in violation of section 208.2.4 of the 2010 ADAAG standards because none of the accessible parking spaces have the adequate dimensions and access aisles required for a van accessible parking space as set forth in sections 502.2 and 502.3 of the 2010 ADAAG standards. While at least one of the signs is labeled as "Van Accessible" it is improperly labelled as such. This violation made it difficult for Plaintiff to locate an accessible parking space.

(x) The Property has an accessible ramp leading from the accessible parking space on the north side of the Property with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)    Unit 8405 (Las Mamalonas) has a doorway threshold with a vertical rise in excess of 1/2" and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access Unit 8405.

(xii)   Due to a policy of pacing high chairs along the accessible route to the restroom, the interior of Unit 8405 (Las Mamalonas) has walking surfaces lacking a 36 inch clear width leading to the restroom in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at Unit 8405.

(xiii)  Due to a policy of pacing high chairs along the accessible route to the restroom, the interior of Unit 8405 (Las Mamalonas) lacks an accessible route to the restroom, this is a violation of section 206.2.4 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to utilize the restroom in this unit.

(xiv)   There are changes in level at Property exceeding ½ (one-half) inch that are not properly ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 3 (three) inch vertical rise at the entrance to Unit 8405 (Las Mamalonas), thus rendering this unit of the Property inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xv)    The doorway of the accessible entrance of Unit 8405 is not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xvi) Due to the accessible barrier present at the accessible entrance of Unit 8405, the accessible entrances of the Property lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of Section 206.2.1 of the 2010 ADAAG standards.

(xvii) The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with Section 404 of the 2010 ADAAG standards, if such an entrance exists. This policy decision by Defendant(s) violates Section 216.6 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to find an accessible entrance.

(xviii) The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance at Unit 8405 in violation of Sections 206.2.1 and 206.2.2 of the 2010 ADAAG standards.

(xix) There is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of Section 206.4.5 of the 2010 ADAAG Standards.

(xx) The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. There are a total of 72 parking spaces at the Property, requiring at least three accessible parking spaces but there are only two accessible parking spaces at the Property. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xxi) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**LAS MAMALONAS RESTROOMS**

(i) The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to utilize the restroom facilities.

(ii) The Facility lacks restrooms signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff to locate accessible restroom facilities.

(iii) The hand operated flush control is not located on the open side of the accessible stall in violation of Section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(iv) The paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(v) The toilet paper dispenser in the accessible toilet is not positioned properly and violates Section 604.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vi) The soap dispenser in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

(vii) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff to properly utilize public features of the restroom.

(viii) The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section

      606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

37. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Las Mamalonas and the Property.

38. Plaintiff requires an inspection of Las Mamalonas and the Property in order to determine all of the discriminatory conditions present at Las Mamalonas and the Property in violation of the ADA.

39. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40. All of the violations alleged herein are readily achievable to modify to Las Mamalonas and the Property into compliance with the ADA.

41. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Las Mamalonas and the Property is readily achievable because the nature and cost of the modifications are relatively low.

42. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Las Mamalonas and the Property is readily achievable because Defendants TCQ CORPORATION, have the financial resources to make the necessary modifications as the Market Value of the Property is listed as $840,910.00 by the Property Appraiser web site..

43. Upon information and good faith belief, Las Mamalonas and the Property have been altered since 2010.

44. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Las Mamalonas and the Property, including those alleged herein.

46. Plaintiff's requested relief serves the public interest.

47. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION.

48. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, pursuant to 42 U.S.C. §§ 12188 and 12205.

49. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, to modify Las Mamalonas and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant, JAIME BARRERA, in violation of the ADA and ADAAG;

(b) That the Court find Defendant, PAULA M. BARRERA, in violation of the ADA

and ADAAG;

(c) That the Court find Defendant, TCQ CORPORATION, in violation of the ADA and ADAAG;

(d) That the Court issue a permanent injunction enjoining Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, from continuing their discriminatory practices;

(e) That the Court issue an Order requiring Defendants, JAIME BARRERA, PAULA M. BARRERA and TCQ CORPORATION, to (i) remove the physical barriers to access and (ii) alter the subject Las Mamalonas and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(f) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(g) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: January 2, 2020.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
*Attorney-in-Charge for Plaintiff*
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com